IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS JONES,<br><br>                Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration ,<br>                Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF COMMISSIONER<br><br>Case No. 1:14-cv-69-BCW<br><br>Magistrate Judge Brooke C. Wells |

      All parties in this case have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]

      Plaintiff Douglas Jones ("Plaintiff") seeks judicial review of the decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.[2] After careful consideration of the administrative record, relevant case law and briefs submitted by the parties, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it. For the reasons set forth below, the Court AFFIRMS the decision of the Administrative Law Judge ("ALJ.") and DENIES Plaintiff's request to find him disabled as a matter of law.

---

[1] *See* 28 U.S.C. § 636(c); F.R.C.P. 73; docket no. 5.
[2] 42 U.S.C. §§ 405(g), 1383(c).

# BACKGROUND[3]

## A. Procedural History

Plaintiff was born on June 22, 1965.[4]  On November 16, 2010, Plaintiff filed applications for period of disability, disability insurance benefits and supplemental security income.[5] Plaintiff's applications were initially denied on March 16, 2011 and upon reconsideration on May 23, 2011.[6]  Plaintiff then requested an administrative hearing.  A hearing in Plaintiff's case was held on October 22, 2012 before an ALJ.

On November 2, 2012, the ALJ issued a written decision denying Plaintiff benefits.[7]  On April 3, 2014, the Appeals Council denied review of Plaintiff's claim.[8]  Thus, the ALJ's decision became the final decision of the Commissioner of Social Security and this appeal followed.

## B. The ALJ's Opinion-November 2, 2012

The ALJ found at Step One of the required sequential evaluation process[9] that Plaintiff had not engaged in substantial gainful activity since October 14, 2010, the alleged onset date.[10] At Step Two, the ALJ found Plaintiff had the following severe impairments: (1) degenerative disc disease of the lumbar spine; (2) minor degenerative joint disease of bilateral knees; (3) hepatitis C; (4) diabetes mellitus; (5) borderline intellectual functioning; (6) panic disorder with agoraphobia; (6) generalized social phobia; (7) mathematics disorder; (8) disorder of written expression; and (9) pervasive development disorder, not otherwise specified.[11]  The ALJ further

---

[3] The Court finds the parties have adequately set forth Plaintiff's medical history in their respective briefs. Therefore, the Court finds it unnecessary to repeat that record in full detail here.
[4] Tr. at 23.
[5] Docket no. 22 Administrative Record [hereinafter referred to as "Tr."] at 11.
[6] *Id*.
[7] Tr. at 11-24.
[8] Tr. at 1.
[9] *See* 20 C.F.R. § 404.1520 (a)(4)(explaining the five-step evaluation process).
[10] Tr. at 13.
[11] *Id*.

2

found Plaintiff's migraine headaches and broken right hand not to be medically determinable.[12] In addition, the ALJ was "highly skeptical of the impairment of pervasive development disorder, not otherwise specified, is a legitimate diagnosis. However, it was issued by a trained mental health professional so for purposes of Step 2…I will defer to his findings."[13] The ALJ then found none of Plaintiff's severe impairments to meet or medically equal any of the listing impairments contained in the regulations.[14]

Next, the ALJ assigned Plaintiff the following residual functional capacity ("RFC"):

> …claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for the following limitations: The claimant can occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs. He can never climb ladders, ropes or scaffolds. Due to pain, side effects of medication and mental impairments, he can only make simple work-related judgments and decisions; can understand, remember and carry out only short and simple instructions; can deal with only occasional changes in a routine work setting; can have no more than frequent proximity or interactive contact with the public, co-workers or supervisors; can do no fast-paced work, but can do goal-oriented work.[15]

At Step Four, the ALJ found Plaintiff not able to perform any of his past relevant work.[16] At Step Five, the ALJ after "considering the claimant's age, education, work experience, and residual functional capacity," found there were jobs that exist in significant numbers in the national economy Plaintiff could perform.[17] The ALJ accepted the jobs of cutter and paster, nut sorter, and charge account clerk identified by the vocational expert as jobs Plaintiff could perform.[18] Therefore, the ALJ found Plaintiff not to be disabled under the Social Security Act.

---

[12] Tr. 13-14.
[13] Tr. at 14.
[14] *Id.*
[15] Tr. at 15.
[16] Tr. at 23.
[17] *Id.*
[18] Tr. at 24.

## STANDARD OF REVIEW

The Court reviews "the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied."[19]  If supported by substantial evidence, the findings are conclusive and must be affirmed.[20]  Substantial evidence is "more than a scintilla, but less than a preponderance."[21]  Thus, "[t]he possibility of drawing to inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[22]

In addition, a reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ's.[23]  The Court "...may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter be before it de novo.'"[24]  Lastly, "[t]he failure to apply the correct legal standard[s] or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed are grounds for reversal."[25]

## ANALYSIS

Plaintiff raises five arguments upon appeal:   (1) the ALJ failed to properly consider whether Mr. Jones' impairments meet or medically equal a listed impairment; (2) the ALJ failed to properly evaluate the opinion of Mr. Jones' treating physician; (3) the ALJ improperly evaluated Mr. Jones' credibility; (4) The ALJ failed to properly determine Mr. Jones' residual functional capacity; (5) The ALJ did not meet his burden of proof at Step Five of the sequential evaluation, and according to the ALJ's own findings, Mr. Jones should be found disabled.

---

[19] *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014).
[20] *Richardson v. Perales*, 402 U.S. 389, 401 (1981).
[21] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[22] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[23] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).
[24] *Lax*, 489 F.3d at 1084 (quoting Zoltanski, 372 F.3d at 1200).
[25] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).

### A. Listed Impairment

Plaintiff first argues that the ALJ failed to properly consider whether his impairments meet or equal a listed impairment. According to Plaintiff, "[a]lthough the ALJ discussed his reasons for determining that Mr. Jones' impairments did not meet a listed impairment, he failed to discuss the evidence that supported his determination. This error warrants remand." In addition, Plaintiff argues that "in combination with his impairments, he should have at least equaled Listings 1.04 and 12.04 [and] the ALJ erred by not considering medical equivalence in regard to Mr. Jones' impairments. The Court is not persuaded by these arguments.

The ALJ explicitly stated "after considering all the medical evidence…the claimant's impairments, singly or in combination, do not meet the criteria set forth under Sections 1.04, 1.02, 12.04, 12.06, 12.08 and 12.09."[26] Upon review of the record, the Court finds there is no reason to upset the findings of the ALJ. The Court is not persuaded that the ALJ must as Plaintiff suggests explicitly explain each his reasoning to the level of detail Plaintiff suggests and Plaintiff does not present any case law that persuades the Court otherwise. Therefore, in this case the Court finds the ALJ's statement that he considered all the medical evidence and considered the applicable listings to be sufficient and supported by substantial evidence.

In addition, Plaintiff points to his diagnoses and argues the ALJ erred by not calling on a medical expert to address the question of medical equivalence. Diagnoses *per se* are not sufficient to meet a listing.[27] Further, absent any evidence to the contrary the Court is to take the ALJ at his word that he considered the medical evidence.[28] Plaintiff has failed to offer evidence

---

[26] Tr. at 14.
[27] SSR 86-8, 1986 WL 68636 at *4 ("The mere accumulation of a number of impairments will not establish medical equivalency.")
[28] *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007)(noting, in evaluating an ALJ's statement that he considered all of the claimant's symptoms, a general practice of taking a lower tribunal at its word when it declares that it has considered a matter).

that persuades the court that he ALJ erred at step three. Thus, the Court finds the ALJ's determination is supported by substantial evidence in the record and the ALJ properly considered Plaintiff's signs, symptoms and functional limitations in relation to the Listings.

### B. Treating Physician Opinion

Plaintiff takes issue with the ALJ's findings with regard to the opinion Dr. Richard Hall. In his opinion, the ALJ analyzed Dr. Halls' opinion as follows:

> Richard Hall, M.D. On May 9, 2012, Dr. Hall completed a medical statement form regarding back pain for Social Security disability claim. He indicated the claimant was suffering from a chronic pain syndrome. Dr. Hall indicated the claimant could do no work, do no standing, sit 15 minutes at a time up to a total of 60 minutes, occasionally lift 5 pounds, but frequently lift no weight, never bend and never stoop. He stated the claimant had severe, chronic neck, back and arm/leg pain with depression and some mood changes.
>
> After considering all the medical evidence, the Administrative Law Judge agrees that the claimant is limited to sedentary work, but Dr. Hall's limitations are clearly too extreme. For example, he said the claimant he said the claimant could sit for only 15 minutes at a time, but he remained seated throughout the entire hearing for about 45 minutes. Similarly, he said the claimant could not stand at all and never bend or stoop. However, the claimant could clearly stoop as he was seated during the hearing.[29]

An ALJ must evaluate every medical opinion in the record.[30] When a treating source opinion is not given controlling weight, "the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons…for the weight assigned."[31] This inquiry is governed by the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon

---

[29] Tr. 21-22.
[30] *Hamblin v. Barnhart*. 356 F.3d 1208, 1215 (10th Cir. 2004).
[31] *Krauser v. Astrue* 638 F.3d 1324, 1330 (10th Cir. 2011).

which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[32]

However, the 10th Circuit has stated the ALJ need not expressly apply each factor in weighing a medical opinion.[33]

Plaintiff takes issue with the ALJ's analysis of Dr. Hall's opinion for a few reasons. First, Plaintiff argues that by stating Dr. Hall's opinion was "too extreme" the ALJ failed to properly indicate the weight of the opinion. In *Mays v. Colvin*, the 10th Circuit found no reversible error where an ALJ failed to explicitly state whether a medical opinion was entitled to controlling weight.[34] Here, like *Mays*, the Court finds that the opinion makes clear that Dr. Hall's opinion was not entitled to controlling weight. Therefore, the Court does not find reversible error based on this argument. In addition, the Court agrees with Defendant that "[t]here is no list of words an ALJ is required to pick from when assessing a medical source opinion, and the ALJ's decision was sufficiently specific to demonstrate...that [the ALJ] rejected Dr. Hall's opinion..."[35]

Second, Plaintiff argues that the apparent discrepancy between Dr. Hall's medical records and opinion is irrelevant because Dr. Hall did not keep those records for the purpose of documenting disability. While the Court agrees that a treating physician may not always have a patient's disability claim on the mind while documenting his or her treatment but at the same time this is relevant evidence the ALJ can look to in determining how to weigh a particular opinion. This appears to be exactly what factor number four listed above contemplates.

Lastly, as the fact-finder, the Court finds the ALJ's comparison between his own observations of Plaintiff and Dr. Hall's limitations is certainly contemplated by the factors

---

[32] *Id*. at 1331 (internal quotations omitted).
[33] *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).
[34] 739 F.3d 569, 575 (10th Cir. 2014)("Because we can tell from the decision that the ALJ declined to give controlling weight to Dr. Chorley's opinion, we will not reverse on this ground.")(citing *Causey v. Barnhart*, 109 Fed. App'x 375, 378 (10th Cir. 2004).
[35] Docket no. 20 at p. 15.

contained in the regulations.[36] While the Plaintiff probably wanted the ALJ to elaborate more on his reasoning as to why Dr. Hall's opinion was not controlling, the Court finds Plaintiff is essentially requesting that Dr. Hall's opinion be re-weighed. This is something the Court is not allowed to do. Upon review of the administrative record and the ALJ's opinion, the Court finds the ALJ provided good reasons for not giving Dr. Hall's opinion controlling weight. The ALJ's findings as to Dr. Hall are supported by substantial evidence and any error is harmless.

### C. Credibility

Plaintiff next argues that the ALJ did not properly assess his credibility. An ALJ must evaluate whether the claimant's descriptions of pain or other symptoms are credible.[37] This is a two-step process. The claimant must first demonstrate a medically determinable impairment that could "reasonably be expected" to produce the alleged symptoms.[38] Once the claimant demonstrates a medically determinable impairment, the ALJ may consider the credibility of the claimant's descriptions of symptoms and limitations in light of the entire case record.[39] At this point, the ALJ may consider facts such as the claimant's daily activities, treatment history, and the objective medical evidence.[40] However, credibility determinations are the province of the ALJ as factfinder and should not be disturbed if supported by substantial evidence.[41]

Here, the ALJ stated

> "the undersigned must consider the following factors in addition to the objective medical evidence when assessing the credibility of the claimant's statements: the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness and side effects of any medication the

---

[36] *See* Factor 6 ("other factors brought to the ALJ's attention which tend to support or contradict the opinion..") 20 C.F.R. 404.1527(d).
[37] *See* 20 C.F.C. § 404.1527(c)(2).
[38] SSR 96-7p, 1996 WL 374186 at *2.
[39] *Id.*
[40] *Id.* at *3.
[41] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002); *Diaz v. Sec'y of Health and Humn Srvs.,* 898 F.2d 774, 777 (10th Cir. 1990).

claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief from pain or other symptoms; any measures other than treatment the claimant uses or has used to relieve pain or other symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to pain or other systems.[42]

Upon application of these factors, the first stated he found "it important to note that the claimant describes his symptoms more severe than the record indicates."[43] The ALJ then provided examples spanning over four and a half pages of his decision containing record evidence of inconsistencies between Plaintiffs symptoms and objective medical findings.[44] The ALJ concluded his findings with regard to credibility by finding "…it important that there are other inconsistencies in the record. For example, the claimant testified he can stand for 5 minutes and it bothers the back of his legs. However, in February, 2011, he reported he had hurt his foot while moving some bunk beds."[45]

The court finds the ALJ's credibility determinations are closely and affirmatively linked to substantial evidence in the record.[46] Thus, Plaintiff's argument that the ALJ did not explain his reasoning is belied by the ALJ's discussion of those reasons across four and a half pages of his decision.[47] Furthermore, Plaintiff does not explain how any of these reasons are invalid or how the ALJ misunderstood or misinterpreted the evidence. Therefore, the Court declines Plaintiff's invitation to reweigh the evidence and finds that the ALJ set forth specific reasons for not giving full weight to Plaintiff's subjective complaints.

---

[42] Tr. at 16.
[43] *Id.*
[44] *Id.* 16-21.
[45] Tr. at 21.
[46] *See Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988).
[47] Tr. 16-21.

**D. RFC**

Plaintiff argues that the ALJ's determination of Plaintiff's residual functional capacity suffers from the same deficiencies as other parts of the decision: there isn't any analysis so there isn't anything for the court to review other than conclusions. The Court finds the record and the ALJ's opinion does not support these arguments.

In making his RFC finding, the ALJ stated he "considered all symptoms the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." He then stated the applicable regulations he considered in making his determination followed by over eight pages of discussion of the evidence the ALJ considered and how that evidence supported the RFC. This evidence supports the ALJ's RFC determination. Thus, the Court is unpersuaded by Plaintiff's arguments and finds that the ALJ's RFC finding was free from legal error and supported by substantial evidence.

**E. Step Five**

Lastly, Plaintiff argues the ALJ erred in his Step Five Findings by failing "to address the apparent conflicts between [the ALJ's] own residual functional capacity findings and the jobs identified by the vocational expert."[48] Plaintiff further argues that with reasoning levels of 2 or 3, the jobs cutter and paster and charge account clerk identified in the ALJ's opinion could not be performed by Plaintiff, who, according to Plaintiff is limited to simple, unskilled tasks. Therefore, according to Plaintiff,

> [t]he ALJ failed to address the apparent conflicts between his own residual functional capacity finding and the jobs identified by the vocational expert. And there is no indication in the record that the vocational expert expressly acknowledged these conflicts with the DOT or that she offered any explanation for the conflict. This is reversible error.[49]

---

[48] Docket no.
[49] Docket no. 19.

At step five of the sequential evaluation process, the burden shifts to the Secretary to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite the identified limitations. The testimony of a vocational expert may be taken, but it must come in response to an accurate hypothetical. "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."[50]

Here, the record indicates that the hypothetical questions presented to the vocational expert included all of the limitations that the ALJ included in his RFC assessment.[51] Taking into consideration Plaintiff's RFC, the vocational expert testified that the hypothetical individual could work in a number of sedentary jobs all of which exist in significant numbers in the national economy. The vocational expert was also questioned by Plaintiff's counsel regarding deviations in math and language skills and Dr. Gant's findings and the vocational expert still found jobs existed in the national economy. Thus, for these reasons and the reasons set forth in Defendant's opposition memorandum, the Court finds the ALJ's finding at step five to be supported by substantial evidence.

## CONCLUSION and ORDER

Upon review and consideration of the administrative record, arguments made by counsel in their briefs, and relevant case law, the Court DENIES Plaintiff's request to find him disabled as a matter of law. Further, the Court finds the ALJ's opinion is supported by substantial evidence. Therefore, IT IS HEREBY ORDERED that this case be AFFIRMED.

---

[50] *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991)(quoting *Ekeland v. Bowen*, 899 F.2d 719, 724)(8th Cir. 1990).
[51] *See* Tr. 49-56.

DATED this 1 February 2016.

_____
Brooke C. Wells
United States Magistrate Judge